# United States Court of Appeals

For the Eleventh Circuit

---

No. 09-14718

District Court Docket No.
08-00209-CV-T-23-EAJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 6, 2010

JOHN LEY
CLERK

---

PETE'S TOWING CO.,
a Florida corporation,

        Plaintiff-Appellant,

versus

CITY OF TAMPA, FLORIDA,
a municipal corporation,
STEPHEN HOGUE,
City of Tampa Police Chief,
MICHAEL KITT,
Sergeant,
JOSE PENICHET,
Sergeant,

        Defendants-Appellees,

---

Appeal from the United States District Court
for the Middle District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

        Entered: May 6, 2010
    For the Court: John Ley, Clerk
           By: Gilman, Nancy

ISSUED AS MANDATE
JUN 0 4 2010
U.S. COURT OF APPEALS
ATLANTA GA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-14718
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 06, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-00209-CV-T-23-EAJ

PETE'S TOWING CO., a Florida corporation,

Plaintiff-Appellant,

versus

CITY OF TAMPA, FLORIDA, a municipal corporation,
STEPHEN HOGUE, City of Tampa Police Chief,
MICHAEL KITT, Sergeant,
JOSE PENICHET, Sergeant,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

(May 6, 2010)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Pete's Towing Company contracted with business establishments operating apartment complexes and other business establishments to tow and impound trespassing vehicles. Pete's also participated in a rotating tow list administered by the Tampa Police Department; it towed vehicles upon request of the police department, usually from accident scenes. The police department received a number of complaints from vehicle owners alleging that Pete's illegally towed and impounded their vehicles. According to Pete's, police officers often responded to these complaints by advocating for the vehicle owners and demanding that the vehicles be released without charge. Pete's also asserts that its employees were harassed, threatened with arrest if they refused to release vehicles, and informed that the towing company was under investigation, would be removed from the police towing rotation, "put out of business," or "shut down."

Pete's filed complaints with the police department's internal affairs office regarding the harassment of its employees. A few months later, it was removed from the tow rotation upon the recommendation of the police department's communications manager, who cited the high number of complaints by customers as the basis for his recommendation. Pete's asserts that after it was removed from the towing rotation, "the level of harassment escalated," and the company's owners secretly formed other towing companies operating out of separate facilities to avoid

harassment from police officers. Once officers discovered that these companies were owned and operated by the owners of Pete's, it claims "the familiar pattern of harassment" began against these companies as well.

Pete's brought this 42 U.S.C. § 1983 action against: the City of Tampa; Chief of Police Steven Hogue; Sergeants Jose Penichet and Michael Kitts; Officers Orlando Gudes, Patricia Lastra, Darryl Johnson, John Ricardo, and Johny Adkins; and Assistant City Attorney Laurie Woodham. The Complaint alleged violations of the towing company's rights under the First and Fourteenth Amendment. All defendants moved to dismiss, and Pete's voluntarily dismissed, with prejudice, its claims against Johnson and Ricardo. The court then dismissed claims against Gudes, Lastra, Adkins, and Woodham; held Pete's stated a claim for which relief could be granted against Hogue, Penichet, and Kitts; and granted leave to amend the Complaint. Pete's filed an Amended Complaint, and later a Second Amended Complaint against the City of Tampa, Hogue, Penichet, and Kitts. The Second Amended Complaint alleged four counts: (I) violation of the towing company's liberty interest; (II) a violation of procedural due process; (III) a violation of equal protection; and (IV) First Amendment retaliation.

The district court entered a case management and scheduling order setting a discovery deadline of November 1, 2008, and a deadline for dispositive motions of

January 13, 2009. The motion deadline was ultimately extended to March 16, and on that date Defendants filed a motion for summary judgment. On April 23, Pete's filed a response in opposition to summary judgment and filed affidavits of Ian McGeehan, the company's part-owner, and Alexis Torres, an employee of one of the other towing companies owned and operated by the owners of Pete's. Torres's affidavit asserted that on March 15, 2009, he was arrested as part of the ongoing campaign of harassment by the police department. Prior to submitting the affidavit, Pete's did not identify Torres as a potential witness. In addition, McGeehan's affidavit included allegations that had not been previously disclosed to Defendants in response to discovery requests. On the same day it filed its response to summary judgment, Pete's filed a motion to supplement or amend the complaint with the information contained in the affidavits of Torres and McGeehan. The court denied this motion, which did not seek to add additional causes of action or parties but merely additional bases in support of the original claims, for undue delay and resulting prejudice to the defendants.

Defendants then filed a motion to strike Torres's affidavit in its entirety, portions of McGeehan's affidavit that contradicted deposition testimony, and portions of McGeehan's affidavit that had not been previously disclosed. The district court referred this motion and the motion for summary judgment to a magistrate judge for

4

consideration. The magistrate judge recommended that the motion to strike be denied as to the portion of McGeehan's affidavit alleged to contradict deposition testimony, but granted as to the portions of McGeehan's affidavit not previously disclosed and as to Torres's affidavit. The magistrate judge also recommended that Defendants' motion for summary judgment be granted. Over an objection by Pete's, the district court adopted the magistrate judge's report and recommendation.

Pete's appeals. First, it contends that the court abused its discretion in granting the motion to strike the affidavits. Second, Pete's contends that the court erred by not construing its motion to amend or supplement its complaint as a Federal Rule of Civil Procedure 56(f) motion and by not *sua sponte* continuing the summary judgment proceedings to permit supplementation of its Rule 26 disclosures. Third, Pete's contends that there was sufficient evidence notwithstanding the assertions in the excluded affidavits to preclude the grant of summary judgment. (Appellant's Br. at 21.)

Federal Rule of Civil Procedure 26(a)(3) requires a party to disclose the identity of a witness it expects to testify at trial. Rule 26(e) requires a party to supplement disclosures or discovery responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect and if the corrective information has not otherwise been made known to the other

party during the discovery process or in writing. Rule 37(c) provides that if a party fails to provide information or identify a witness as required by Rule 26, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the nondisclosing party shows that the failure is substantially justified or is harmless. Our review of a ruling under Rule 37 "is sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1146-47 (11th Cir. 2006) (quotations and citation omitted). In reviewing the exclusion of a non-disclosed witness, we consider "(1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (citation omitted).

We find no reversible error in the exclusion of the Torres affidavit and portions of the McGeehan affidavit. The facts McGeehan attested to occurred between October 2008 and March 2009, and the facts Torres attested to occurred one day prior to the filing of Defendants' motion for summary judgment. Pete's filed the affidavits with its summary judgment papers five-weeks after the filing of Defendants' motion and without first supplementing its disclosures to list Torres as a witness or disclose

the information offered by McGeehan that had not been included in prior responses to discovery requests. Pete's offered the court no justification for its delay in disclosing the information. And, because Defendants filed their summary judgment papers prior to being informed of the facts attested to in the affidavits, Defendants would have been prejudiced had the affidavits been considered. Therefore, we conclude the court did not abuse its discretion in striking the McGeehan affidavit in part and the Torres affidavit in its entirety.[1]

We also find no reversible error in the court's failure to construe the motion to amend or supplement the Complaint as a Rule 56(f) motion for a continuance to permit additional discovery. Rule 56(f) "allows a party who 'has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof.'" *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (quoting 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2740 at 530 (2d ed. 1983)). At the time Pete's filed its motion to amend its Complaint it was in possession of all the information it believed sufficient to oppose Defendants' motion for summary

---

[1] It may be that admission of the evidence that was stricken required that Pete's receive permission to file a supplemental complaint under Fed. R. Civ. P. 15(d). Since no such permission was granted, however, we need not be detained by consideration of whether this was also a basis for striking the affidavits in question.

7

judgment. Pete's did not inform the court that additional discovery would enable it to produce facts that would rebut Defendants' showing of the absence of a genuine issue of fact. Therefore, the court had no reason to construe the motion to amend the Complaint as a Rule 56(f) motion and to order a continuance to permit additional discovery.

Because we affirm the striking of the Torres affidavit and portions of the McGeehan affidavit and find no error in failure to order a continuance of the summary judgment proceedings, we consider whether Defendants are entitled to summary judgment based on the evidence considered by the district court. After review of the record, we agree with the analysis contained in the report and recommendation that was adopted by the district court. (R.1-66 at 10-26.) We conclude that Defendants are entitled to summary judgment on all claims.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia